**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

Page 1

**In Re:  Michael James Hermanson,**
       **Gretel Mae Hermanson,**                                       **CHAPTER 13 PLAN**

      **SSN: XXX-XX-3942**
      **SSN: XXX-XX-3433**                                         **Dated: 8/29/12**

         **Debtor.**                                              **Case No. ____**
         *In a joint case,*
         *debtor means debtors in this plan.*

_____

**1. DEBTORS PAYMENTS TO TRUSTEE —**

a. As of the date of this plan, the debtor has paid the trustee  **$ -0-** .
b. After the date of this plan, the debtor will pay the trustee  **$ 300**  per  **month**  for  60  months, beginning within 30 days after the order for relief for a total of **$18,000** . The minimum plan length is ___ 36 or **X** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee  __0__ .
d. The debtor will pay the trustee a total of  **$18,000**   [line 1(a) + line 1(b) + line 1(c)].

**2. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claim have been filed.  The trustee may collect a fee of up to 10% of plan payments, or approximately **$1,440**  [line 1(d) x.10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(c)]** — The trustee will promptly pay from available funds only creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|
| a. **None** | $ | | $ |
| b. | $ | | $ |
| c. TOTAL | | | $ |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases.  Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| a. **None** | . |
| b. | . |

**5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors.  The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| a. | . |
| b. | . |
| c. | . |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence.  The debtor will pay the payments that come due after the date the petition was filed directly to the creditors.  The creditors will retain liens.  *All following entries are estimates*.  The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. **Seterus** | **$10,523** | **$276** | **17** | **39** | **$10,523** |
| b. | $ | $ | | | $ |
| c. | $ | $ | | | $ |
| d. TOTAL | | | | | **$10,523** |

**7. CLAIMS IN DEFAULT [§ 1322(b)(3) and (5) and § 1322(e)]** — The trustee will cure defaults on the following claims as set forth below.  The debtor will pay the payments that come due after the date the petition was filed directly to the creditors  The creditors will retain liens, if any.  *All following entries are estimates, except for interest rate*.

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. **None** | $ | % | $ | | | $ |
| b. TOTAL | | | | | | $ |

Local Form 3015-1

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1925(a)(5)]** — The trustee will pay, on account of the following secured claims, the amount set forth in the "Total Payments" column, below.  The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or until completion of payments under the plan.  NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO  11 U.S.C. § 1327 AND CONFIRMATION OF THE PLAN WILL BE CONSIDERED A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.  SUCH CREDITOR MAY FILE A SECURED CLAIM FOR LESS THAN THE AMOUNT LISTED BELOW AND THE TRUSTEE SHALL THEN PAY THE LESSER AMOUNT.  IF NO SECURED CLAIM IS FILED, THEN THE CLAIM SHALL NOT BE PAID AS SECURED.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | (Monthly Payment) X | (Number of Payments) = | Payments on Account of Claim | + (Adequate Protection from ¶ 3) | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| a. **Capitol One** | **$4,064** | **$4,064** | 6 | 1 | $276 | 16 | $4,232 | $ 0 | $4,232 |
| b. **Auto** | $ | $ | | | $ | | $ | $ | $ |
| c. | $ | $ | | | $ | | $ | $ | $ |
| d. TOTAL | | | | | | | | | **$ 4,232** |

**9. PRIORITY CLAIMS** – The trustee will pay in full all claims entitled to priority under **§** 507, including the following.  ***The amounts listed are estimates***.  The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ | $ | | | $ |
| b. Domestic Support | $ | $ | | | $ |
| c. Internal Revenue Service | $ | $ | | | $ |
| d. MN Dept. of Revenue | $ | $ | | | $ |
| e. | $ | $ | | | $ |
| f. **TOTAL** | | | | | $ |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of nonpriority unsecured creditors described as follows:  **None.**

The trustee will pay the allowed claims for the following creditors.  ***All entries below are estimates***.

| Creditor | Int. Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. **None** | | $ | $ | | | $ |
| b. | | $ | $ | | | $ |
| c. TOTAL | | | | | | $ |

**11. TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9, and 10 their pro rata share of approximately **$1,805**   [Line 1(d) minus lines 2, 6(d), 7(b), 8(d), 9(f) and 10(c)].

a.   The debtor estimates that the total unsecured claims held by creditors listed in ¶ 14 are **$54,082**   .

b.   The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are **$84,967**   .

c.   Total estimated unsecured claims are **$ 139,049**   [Line 11(a) + Line 11(b)].

**12. TARDILY FILED UNSECURED CREDITORS -** All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11, **WILL NOT BE PAID** to the holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS -**The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.  Property tax claims and income tax claims shall be paid per claim whether filed as priority or secured.  All leases of real or personal property by the debtor are hereby assumed pursuant to 11 U.S.C. Sec. 365(a), unless otherwise stated.  Property of the estate vests in the debtor upon conversion, dismissal or discharge, whichever comes first.

**14. AVOIDANCE OF SECOND MORTGAGE HELD BY CHASE MORTGAGE UNDER SECTION 506**

**CONFIRMATION OF THIS PLAN WITHOUT OBJECTION BY CHASE MORTGAGE, OR OVER THE OBJECTION OF CHASE MORTGAGE SHALL CONSTITUTE A FINDING BY THE COURT THAT THERE IS NO EQUITY IN THE DEBTORS' RESIDENTIAL REAL ESTATE LOCATED AT 2942 PERRY AVE. N., GOLDEN VALLEY, MN 55422, OVER AND ABOVE THE FIRST MORTGAGE IN FAVOR OF SETERUS OR ITS ASSIGNEES, TO WHICH THE LIEN OF THE SECOND MORTGAGE CAN ATTACH.  THE ORDER CONFIRMING THE PLAN SHALL CONSTITUTE A FINDING BY THE BANKRUPTCY COURT THAT THE FAIR MARKET VALUE OF THE REAL ESTATE IS $180,000; AND THAT THE BALANCE OWED TO SETERUS OR ITS ASSIGNEES IS $219,473; THEREFORE THE CLAIM OF CHASE MORTGAGE IS WHOLLY UNSECURED, WITHIN THE MEANING OF 11 U.S.C. SECTION 506.  THE REAL ESTATE LOCATED AT 2942 PERRY AVE. N., GOLDEN VALLEY, MN 55422 SHALL VEST IN THE DEBTORS FREE AND CLEAR OF SECOND MORTGAGE UPON COMPLETION OF ALL PAYMENTS DUE TO THE TRUSTEE UNDER THE PLAN.  CHASE MORTGAGE SHALL CANCEL THE SECOND MORTGAGE WITHIN 20 DAYS AFTER THE TRUSTEE'S FINAL REPORT TO THE COURT SHOWING COMPLETION OF THE PLAN.  IF CHASE MORTGAGE FAILS TO CANCEL THE SECOND MORTGAGE, DEBTORS MAY OBTAIN AN ORDER AND JUDGMENT VOIDING THE SECOND MORTGAGE.**

**SUMMARY OF PAYMENTS**

| | |
|---|---|
| Trustee's Fee [Line 2)] ……………….………………………………… | **$1,440** |
| Home Mortgage Defaults [Line 6(d)] ……………………….………………………… | **$10,523** |
| Claims in Default [Line 7(b)] …………………….………………………………….. | **$          0** |
| Other Secured Claims [Line 8(d)]………………………………….………………… | **$4,232** |
| Priority Claims [Line 9(f)] ……………………….………………………………. | **$          0** |
| Separate Class [Line 10(c)] ……………………….……………………………… | **$          0** |
| Unsecured Creditors [Line 11] ……………………….………………………………. | **$1,805** |
| **TOTAL [must equal Line 1(d)]** ……………………….………………………. | **$18,000** |

*Name, Address, Telephone and License Number of Debtor's Attorney:*

Craig W. Andresen, #186557               /s/ Michael James Hermanson
2001 Killebrew Dr., Suite 150             DEBTOR
Bloomington MN  55425
(952) 831-1995

Local Form 3015-1                              /s/ Gretel Mae Hermanson
                                              DEBTOR